**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO.  19-50604 |
| G.L.A.D. Enterprises, LLC, ) | CHAPTER  7 |
| ) | |
| Debtor. ) | |
| ) | |
| G.L.A.D. Enterprises, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Deutsche Bank National Trust Company, ) | |
| as Indenture Trustee for American Home ) | ADV. PRO.  19-05018 |
| Mortgage Investment Trust 2006-1; ) | |
| Connecticut Attorneys Title Insurance ) | ECF Nos.  25, 27, 31 |
| Company; George Wolf; Ocwen Loan ) | |
| Servicing n/k/a/ PHH; and Richard Coan, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF DECISION ABSTAINING FROM ADVERSARY PROCEEDING AND DISMISSING CHAPTER 7 CASE WITH PREJUDICE**

On September 17, 2019, the Court held a Pretrial Conference in the instant Adversary Proceeding. At that time, the Court learned of two mortgage foreclosure actions pending in the Connecticut Superior Court (the "Foreclosure Actions") commenced by Deutsche Bank National Trust Company as Indenture Trustee for American Home Investment Trust 2006-1 ("Deutsche") against G.L.A.D. Enterprises, LLC, (the "Debtor") with regard to two pieces of real property.

Both Foreclosure Actions were initiated prior to the Debtor filing its Chapter 7 Case. For the reasons set forth below, the Court will abstain from hearing and determining this Adversary Proceeding. The Court will also dismiss the Debtor's Chapter 7 Case with prejudice with a two-year bar to refiling.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

On December 13, 2018, Mr. Glenn Lee, a member of the Debtor, executed and filed a voluntary petition under Chapter 7 of the Bankruptcy Code without being represented by counsel in violation of D. Conn. Bankr. L.R. 1002-1, Case No. 18-51625. After the Court issued a Deficiency Notice and Notice of Dismissal of Case for Failure to Cure Deficiency, the case was dismissed on December 19, 2018. On May 1, 2019, the Debtor commenced the instant Chapter 7 case through the representation of counsel (the "Chapter 7 Case"). On July 10, 2019, the Chapter 7 Trustee filed his Final Report of No Distribution in the Chapter 7 Case:

> I, Richard M. Coan, having been appointed trustee of the estate of the above-named debtor(s), report that I have neither received any property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 2 months. Assets Abandoned (without deducting any secured claims): $ 6900000.00, Assets Exempt: Not Available, Claims Scheduled: $ 7701600.21, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment (without deducting the value of collateral or debts excepted from discharge): $ 7701600.21.

ECF No. 23. On July 18, 2019 the Debtor initiated the instant Adversary Proceeding against Deutsche, Connecticut Attorneys Title Insurance Company, George Wolf, Ocwen Loan Servicing n/k/a/ PHH, and Richard Coan.

The Court held a Pretrial Conference in the Adversary Proceeding on September 17, 2019. On September 11, 2019, a few days before the Pretrial Conference was scheduled to be held, each of the Defendants filed a Motion to Dismiss the Adversary Proceeding, or in the alternative, Abstain from the Adversary Proceeding, asserting that since the properties that are the subjects of the Adversary Proceeding are the subjects of the Foreclosure Actions, the Court should dismiss or abstain from the Adversary Proceeding and allow the issues to be adjudicated in the state court. ECF Nos. 25, 27, 31. During the Pretrial Conference, the parties represented to the Court that the Chapter 7 Case was filed at a time when trial was scheduled – and imminent – in one of the Foreclosure Actions. Unfortunately, the filing of a bankruptcy case to delay the commencement of a trial is a pattern of the Debtor. As noted in the Motions to Dismiss, the Debtor's first Chapter 7 case was filed on December 13, 2018, when trial was set to commence in one of the Foreclosure Actions on December 14, 2018. *See Deutsche Bank v. G.L.A.D. Enterprises, LLC*, FBT-CV-16-6059644-S, No. 185.00. Likewise, the Debtor filed the instant Chapter 7 Case on May 1, 2019, when trial was scheduled for May 15, 2019 in the second Foreclosure Action. *See Deutsche Bank v. Simpson*, FBT-CV-15-6053107-S, No. 182.00.

II.     **JURISDICTION**

The United States District Court for the District of Connecticut has jurisdiction over the instant proceedings pursuant to 28 U.S.C. § 1334(b), and the Bankruptcy Court derives its authority to hear and determine this matter pursuant to 28 U.S.C. §§ 157(b)(1), (b)(2)(A) and (b)(3) and the District Court's General Order of Reference dated September 21, 1984.

### III. DISCUSSION

#### A. Permissive Abstention is Warranted in This Adversary Proceeding

Pursuant to 28 U.S.C. § 1334(c), "courts have broad discretion to abstain from hearing claims arising under Title 11, or arising in or related to a case under Title 11, whenever appropriate 'in the interest of justice, or in the interest of comity with State courts or respect for State law.' 28 U.S.C. § 1334(c)(1)." *In re Cody, Inc.*, 281 B.R. 182, 190 (Bankr. S.D.N.Y 2002) *aff'd in part, appeal dismissed in part*, 338 F.3d 89 (2d Cir. 2003). In considering whether permissive abstention is appropriate under Section 1334(c), courts consider one or more of the following twelve factors:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than the form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the court's] docket, (10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of non-debtor parties.

*See In re Osuji*, 564 B.R. 180, 187 (Bankr. E.D.N.Y. 2017); *In re Pers. Comm. Devices, LLC*, 556 B.R. 45, 56-57 (Bankr. E.D.N.Y. 2016).

"Permissive abstention is warranted when it is more appropriate to have a State court hear a particular matter of State law." *In re Pan Am. Corp.*, 950 F.2d 839, 846 (2d Cir. 1991). "Permissive abstention under Section 1334(c)(1) is within the sound discretion of the bankruptcy court." *In re Abir*, Case No. 09-CV-2871 (JF), 2010 WL 1169929, at *7, 2010 U.S. Dist. LEXIS 28471, ay *21 (E.D.N.Y. Mar. 22, 2010).

Permissive abstention is warranted in this Adversary Proceeding based upon the presence of the following factors: (i) abstention will not impact the administration of the bankruptcy estate; (ii) state law issues predominate over bankruptcy issues; (iii) the difficult or unsettled nature of the applicable state law; (iv) there was, and currently are, related non-bankruptcy State Court proceedings pending; (v) the lack of any jurisdictional basis other than 28 U.S.C. § 1334; (vi) the substance rather than the form of an asserted "core" proceeding; (vii) the feasibility of severing the state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; and (viii) the likelihood that the commencement of the bankruptcy proceeding involves forum shopping.

Permissive abstention is appropriate in this case. Because the Trustee has abandoned the subject properties, the claims in the Adversary Proceeding, even if successful, have no effect on the efficient administration of the bankruptcy estate. Further, state law issues are completely dominant over bankruptcy issues in this Adversary Proceeding. The Complaint alleges that the notes and mortgages that are the subjects of the pending Foreclosure Actions were obtained by fraud and are unenforceable, and that the actions of the defendants constitute unfair trade practices. These same claims were raised and are directly at issue in the Foreclosure Actions. Under the specific circumstances of this case, the Superior Court is the more appropriate forum to adjudicate state law issues relating to the properties and any alleged fraud or unfair trade practices, which would have occurred but for the filing of the Debtor's cases. That the claims are based on the same facts and would require the same evidence and witnesses to prove or counter the claims weighs in favor of permissive abstention. *See In re AOG Entm't, Inc.*, No. 16-11090 (SMB), 2019 WL 1054921, at *10 (Bankr. S.D.N.Y. Mar. 5, 2019); *see also Wallace v. Guretzky*, No. CV-09-0071(SJF), 2009 WL 3171767, at *3 (E.D.N.Y. Sept. 29, 2009) (affirming

a bankruptcy court's decision to permissively abstain from an adversary proceeding and observing that "judicial economy is better served by [abstention], since allowing parallel proceedings on issues which are admittedly 'nearly identical' to proceed would require two (2) separate trials with the same witnesses."). The Court will not interfere with the state court's ability to make a determination on the merits of the Foreclosure Actions. Connecticut law is well settled on foreclosure issues, and where Connecticut law is not settled, the state courts are the proper forums to determine such issues. To the extent that the Superior Court has determined that the Debtor's claims are without merit, any further relief the Debtor may seek should be sought in the state court.

Furthermore, the fact that there are currently two actions pending outside of this Court is a factor that weighs heavily in favor of permissive abstention. The jurisdictional basis, if any, other than 28 U.S.C. § 1334, does not dictate that state court issues should be resolved by this Court. The claims that have been brought in this Adversary Proceeding all relate to the Foreclosure Actions, which are not "core" proceedings because they concern issues that cannot be decided by the bankruptcy court. There also would be no enforcement of a state court judgment by the bankruptcy court because the state court enforces its own judgments. Finally, the argument that the Debtor is forum shopping by commencing this Adversary Proceeding has merit; by filing the Complaint, the Debtor is essentially attempting to relitigate issues already presented or decided in the Foreclosure Actions, proceedings have been pending for more than four years. The Debtor cannot use this Court to prolong or avoid a final determination of these issues by the state court.

Although the degree of relatedness or remoteness of this Adversary Proceeding to the Debtor's main bankruptcy case is a factor that may weigh against abstention because the claims

asserted in the Complaint relate to the Debtor's bankruptcy estate, on balance, the factors discussed above weigh heavily in favor of permissive abstention, and the ninth, eleventh, and twelfth factors are not relevant in this case. Based upon the analysis of the twelve factors outlined above, and in the exercise of its discretion and in the interest of comity with the state courts, the Court will abstain from deciding this Adversary Proceeding under 28 U.S.C. § 1334(c)(1).

### B. The Chapter 7 Case is Dismissed with Prejudice

11 U.S.C. § 707 governs conversion or dismissal of a Chapter 7 case. Section 707(a) allows the Court to dismiss a case "only after notice and a hearing and only for cause…" The section goes on to list several examples of when dismissal may be appropriate. Those listed examples, however, are not exclusive. *See In re Murray*, 543 B.R. 484, 490 (Bankr. S.D.N.Y. 2016), *aff'd,* 565 B.R. 527 (S.D.N.Y. 2017), *aff'd,* 900 F.3d 53 (2d Cir. 2018) ("the three examples given in section 707(a), which follow the word 'including,' are illustrative, not exclusive") (citing the Code's Rules of Construction, section 102(3)). While "cause" is not defined in the Code, courts in this circuit have noted that "cause" includes "bad faith *or circumstances falling short of bad faith but nevertheless representing an inappropriate use of the Code*." *Id.* (emphasis added). Although *Murray* involved an involuntary Chapter 7 case, its analysis of section 707(a) instructs that bad faith is a basis for dismissal for cause under section 707(a) in both involuntary and voluntary Chapter 7 cases. The reasoning employed in *Murray* – which was affirmed by both the Untied States District Court for the Southern District of New York and the United States Court of Appeals for the Second Circuit – makes clear that cases filed in bad faith *or* in an attempt to inappropriately use the Code can be dismissed for cause under section 707(a). *Id.* Even more, *Murray* instructs that "cause for dismissal (or relief from

7

the stay, whose standards are not substantively different) may result from circumstances not specifically mentioned in the Code." *Id.*

It is of no consequence that the Chapter 7 Trustee or other party in interest has not filed a motion to dismiss the Debtor's case as a bad faith filing. The Court is within its right to conduct a bad faith inquiry on its own. *See In re Blumenberg*, 263 B.R. 704, 711-12 (Bankr. E.D.N.Y. 2001) (citing *Chambers v. NASCO, Inc.* 501 U.S. 32, 43-44, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) for the proposition that courts have "an array of inherent judicial powers necessary … manage their own affairs," and quoting *In re Khan,* 172 B.R. 613, 622 (Bankr. D.Minn. 1994) to support the point that *Chambers* enables courts to "inquire into a debtor's motivation for filing as part of its inherent power 'to regulate its own docket to ensure that its process is not being abused.'"). While dismissal for cause is often initiated by motion, "many courts have held that a court may *sua sponte* dismiss a case to 'prevent an abuse' of process." *Clear Blue Water, LLC v. Oyster Bay Mgmt. Co., LLC*, 476 B.R. 60, 68 (E.D.N.Y. 2012) (affirming dismissal of Chapter 11 case). In fact, section 105(a) of the Bankruptcy Code provides that "[n]o provision of this title shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." (emphasis added). Thus, section 105(a) empowers the Court to act as necessary to prevent an abuse of the bankruptcy process. *See* 8 Collier on Bankruptcy, ¶1307.04, p. 1307–11 - 1307–12 (Alan N. Resnick & Henry J. Sommers eds., 16th ed.).

The September 17, 2019 Pretrial Conference provided the Debtor with the opportunity to demonstrate that it filed this Chapter 7 case in good faith. At that Conference, the Court made clear its concerns about the motivation behind the filing of the Debtor's Chapter 7 case. The

Debtor, who was represented by counsel, had several opportunities to explain its bankruptcy purpose; it failed to make any showing that this Chapter 7 case was filed in good faith.

Therefore, after a review of the record of the Debtor's bankruptcy case and after consideration of the representations made by the parties at the Pretrial Conference, the Debtor's Chapter 7 Case is dismissed as a bad faith filing. It is clear that the *sole* purpose of filing the Chapter 7 case was to continue to delay trial in the Foreclosure Actions. The Debtor cannot use this Court as a second opportunity to litigate issues resolved in, or ripe before, the Superior Court, or as a forum in which to employ dilatory tactics. Such actions are an abuse of the bankruptcy process which the Court cannot condone.

Further, pursuant to 11 U.S.C. § 349(a), cause exists to condition the dismissal of the Debtor's case with prejudice. "Section 349(a) of the Bankruptcy Code establishes a general rule that dismissal of a bankruptcy case is without prejudice, but at the same time expressly grants a bankruptcy court the authority to dismiss a case with prejudice to a subsequent filing of any bankruptcy petition." *In re Casse*, 219 B.R. 657, 662 (Bankr. E.D.N.Y. 1998), *subsequently aff'd,* 198 F.3d 327 (2d Cir. 1999). Section 349(a) provides as follows: "Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title." 11 U.S.C. § 349. Therefore, "if 'cause' warrants, a court is authorized, pursuant to § 349(a), to dismiss a bankruptcy case with prejudice to refiling." *Casse* at 662. In light of Debtor's bad faith in filing this Chapter 7 Case, and in bringing an Adversary Proceeding that properly should have been brought by the Chapter 7 Trustee, the Court finds that cause exists to dismiss this case with

prejudice and to bar the Debtor from filing for relief under any chapter of the Bankruptcy Code in any bankruptcy court for a period of not less than two (2) years from the date of entry of this Order.

### IV. CONCLUSION

For the reasons set forth above, it is hereby

**ORDERED:** The Motions to Dismiss, or in the alternative to Abstain, are GRANTED and the Court will abstain from hearing and determining the above-captioned Adversary Proceeding and the above-captioned Adversary Proceeding shall be closed; and it is further

**ORDERED:** Pursuant to 11 U.S.C. §§ 105(a) and 349(a), the Debtor's Chapter 7 Case is dismissed with prejudice and the Debtor is barred from filing for relief under any chapter of the Bankruptcy Code, in any bankruptcy court, for a period of not less than two (2) years from the date of the entry of this Order.

Dated at Bridgeport, Connecticut this 28th day of October, 2019.

*Julie A. Manning*
Chief United States Bankruptcy Judge
District of Connecticut